MORGAN, LEWIS & BOCKIUS LLP
Charles J. Malaret, Bar No. 144001
charles.malaret@morganlewis.com
300 South Grand Avenue, 22nd Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Jeffrey S. Raskin, Bar No. 169096
jeffrey.raskin@morganlewis.com
Mastoureh Jafarzadeh Sarhangabadi, Bar No. 337014
mastoureh.jafarzadeh-sarhangabadi@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:   +1.415.442.1000
Fax:  +1.415.442.1001

Attorneys for Plaintiff
*LMC VINEYARDS, LLC*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT

| | |
|---|---|
| LMC VINEYARDS, LLC,<br><br>              Plaintiff,<br><br>vs.<br><br>ALLIED WORLD NATIONAL ASSURANCE COMPANY,<br><br>              Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. Breach of Contract;<br>2. Breach of Implied Covenant of Good Faith and Fair Dealing;<br>3. Declaratory Relief; and<br>4. Declaratory Relief.<br><br>**JURY TRIAL DEMANDED** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

## NATURE OF THIS ACTION

1. In this action Plaintiff LMC Vineyards, LLC, successor to Trilogy Vineyards, LLC (collectively herein addressed as "Trilogy Vineyards" or "Plaintiff") seeks declaratory relief and damages against one of its insurers, Defendant Allied World National Assurance Company ("AWAC"). Trilogy Vineyards is the owner of Trilogy at the Vineyards housing development in Brentwood, CA ("Trilogy Vineyards Development").

2. A "wrap" insurance program was purchased to protect Plaintiff, enrolled contractors and others against liabilities arising at, among other projects, the Trilogy Vineyards development. AWAC provided first excess layer insurance coverage as part of the purchased "wrap" insurance program during the relevant times. Claims were made against Plaintiff that triggered the obligations of AWAC under the "wrap" policy. AWAC breached its obligations under the "wrap" policy by refusing to cooperate in the settlement of claims that impacted its layer, by refusing to cover the settlement of claims covered under the policy and by refusing to abide by its obligations upon the exhaustion of the underlying primary policy.

3. To this end, based on AWAC's breaches, Plaintiff seeks declaratory judgment that AWAC has waived, forfeited or is estopped from enforcing conditions precedent to coverage under the "wrap" policy in light of its refusal to cooperate and otherwise act reasonably in accordance with AWAC's policy obligations to Plaintiff and the implied covenant of good faith and fair dealing with respect to the claims made against Plaintiff at the Trilogy Vineyards Development.

## THE PARTIES

4. Trilogy Vineyards is a California limited liability company with its principal place of business in California. At all relevant times, including when the AWAC Policy was issued and claims were made against Plaintiff triggering the obligations of AWAC under the "wrap" policy, Trilogy Vineyards was the owner of the Trilogy Vineyards Development.

5. Defendant AWAC is a New Hampshire corporation with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the Trilogy Vineyards Development is located in Contra Costa County, which is where the breach of contract and breach of implied covenant of good faith and fair dealing complained of took place.

## FACTUAL ALLEGATIONS

8. Plaintiff is an insured under an insurance policy issued by AWAC that provides coverage for claims made against the Plaintiff at the Trilogy Vineyards Development. AWAC breached its obligations under this policy for the claims made against Plaintiff at the Trilogy Vineyards Development and is therefore prohibited from enforcing conditions precedent to coverage under the AWAC policy.

9. Plaintiff is an insured under AWAC excess Policy No. 0307-0192 ("AWAC Policy") for the policy period from September 30, 2011 to September 30, 2016. The AWAC Policy provides $5,000,000 in coverage above a $5,000,000 primary policy. A true and correct copy of the AWAC Policy is attached hereto as **Exhibit A**.

10. The AWAC Policy is in excess of, and follows form to, a primary policy issued by American Safety Indemnity Company ("ASIC"), Policy No. ESL 1000260-1101 ("ASIC Policy"). The ASIC Policy provides $5,000,000 in aggregate primary limits. A true and correct copy of the ASIC Policy is attached as **Exhibit B**.

11. The AWAC Policy is part of an integrated construction "wrap" program that was intended to provide coverage for construction defect claims arising from four specific development sites, one of which was the Trilogy Vineyards Development in Brentwood, California. The obligations of AWAC are triggered once claims, suits or civil proceedings are instituted that are likely to involve the AWAC policy and, thereafter, AWAC is obligated to cooperate in the investigation, settlement or defense of such claim, suit or civil proceeding. AWAC also is obligated to provide insurance under the AWAC Policy upon the exhaustion of the underlying ASIC primary policy.

12. The "wrap" program was designed to provide coverage for construction defect claims with regard to homes sold by Plaintiff during the AWAC Policy period. The wrap program was designed to provide coverage for claims made within ten (10) years of the close of escrow which was consistent with California statutory law. California statutory law also requires that Plaintiff take certain actions with regard to construction defect claims prior to a lawsuit being filed. Further, Plaintiff's purchase agreements with homeowners mandate several alternative dispute resolution procedures ("ADR"), including mediation, judicial reference and arbitration in lieu of a lawsuit being filed by a homeowner claimant. The pre-litigation requirements in the Purchase Agreements are consistent with California statutory law and are civil proceedings.

13. The "wrap" program was written with a broadened definition of "suit" to include a civil proceeding, an arbitration proceeding which the insured must submit or does submit with the consent of the insurer, and any other ADR proceedings to which insured submits with the consent of the insurer. Under California law, an insurer's consent may not be unreasonably withheld.

14. The AWAC Policy provides, in relevant part, that AWAC "shall pay, on behalf of the insured, that part of loss, to which this policy applies, which exceeds the applicable underlying limits" of the ASIC Policy.

15. Under the terms of the AWAC Policy, AWAC had the option to "assume charge of the investigation, settlement or defense of any claim made" against its insured that was potentially covered under the AWAC Policy. If AWAC did not choose to avail itself of this option, then AWAC had a contractual obligation and duty that stated AWAC shall "cooperate in the investigation, settlement or defense" of any "claim" that is likely to involve the AWAC Policy and the limits provided thereunder.

16. In January 2017, claims from homeowners alleging defects in the construction of certain homes at the Trilogy Vineyards Development were tendered to ASIC (the "Trilogy Claims"). The Trilogy Claims were made by homeowners in accordance with their purchase contracts, which required mandatory ADR arbitration. ASIC acknowledged receipt of tender of the Trilogy Claims and agreed to pay defense and investigation costs relating to the claims.

17. As the investigation continued, additional claims were made. In March 2017, the Trilogy Claims were tendered to AWAC because the Trilogy Claims may impact the AWAC Policy. AWAC acknowledged receipt of tender of the Trilogy Claims in March 2017. AWAC was required under its AWAC Policy to handle the Trilogy Claims potentially covered under the policy in a reasonable and cooperative manner for the Trilogy Claims were likely to involve the AWAC Policy and provide coverage upon the exhaustion of the ASIC primary policy.

18. Thereafter, Plaintiff provided AWAC with thousands of documents relating to the Trilogy Claims, conducted numerous status update meetings, and made defense counsel and experts available to AWAC to explain the results of the ongoing investigation. Plaintiff further notified AWAC of the mandatory ADR requirements that applied to the claims made against Plaintiff and that the Trilogy Claim would impact the AWAC Policy.

19. Based on the applicable contractual requirements, Plaintiff was required to participate in ADR procedures with regard to the Trilogy Claims. ASIC

and AWAC were informed timely of Trilogy Vineyards mandatory obligations to participate in ADR and were requested to consent to resolving the claims through ADR proceedings conducted at JAMS before a retired judge.  ASIC consented to the resolution of the Trilogy Claims in accordance with the ADR procedures, and agreed to cover the claims up to its policy limits.  Plaintiff repeatedly requested that AWAC cooperate in the investigation, settlement and defense of the Trilogy Claims because those claims impacted the AWAC Policy.  Plaintiff also requested that AWAC provide consent to the ADR procedures and acknowledge coverage for the Trilogy Claims upon the exhaustion of the ASIC policy.

20. AWAC refused to cooperate in the investigation, settlement and defense of the Trilogy Claims.  AWAC also refused to acknowledge or deny coverage for the Trilogy Claims.  Instead, AWAC continued to reserve rights and refused to tell Plaintiff if the claims would be covered by AWAC under the AWAC Policy.

21. During this same time, AWAC never objected to ASIC's consent that the Trilogy Claims be resolved in ADR.  Further, at no time did AWAC choose to assume charge of the defense or settlement of the Trilogy Claims even though AWAC was informed numerous times that the resolution of the Trilogy Claims would impact the AWAC Policy.

22. In November 2017, Plaintiff informed AWAC that the ASIC primary coverage would be exhausted in the near future by payment of settlements of the Trilogy Claims and that settlements would need to be funded by AWAC.  Again, Plaintiff requested that AWAC acknowledge its coverage obligations upon the exhaustion of the ASIC primary policy.  Again, AWAC refused to acknowledge coverage for the Trilogy Claims.  Instead, AWAC stated coverage would not be available for, among other reasons, that the Trilogy Claims did not constitute a "suit" under the AWAC Policy because AWAC did not provide consent to the ADR proceedings.  AWAC made this claim even though the Trilogy Claims were

resolved, with ASIC's consent, in accordance with the ASIC Policy provisions which were incorporated into the AWAC Policy. AWAC's conduct was unreasonable, contrary to its policy obligations and inconsistent with the obligations of an excess insurer under California law.

23. Given AWAC's refusal to perform its obligations under the AWAC Policy, Plaintiff filed suit on January 22, 2018 (hereinafter the "2018 Complaint") to enforce AWAC's coverage obligations. Based on good faith settlement discussions at the time, Trilogy Vineyards agreed to dismiss the pending action against AWAC without prejudice, and entered into a Tolling Agreement on July 29, 2019. Thereafter, Plaintiff and AWAC worked towards resolving the dispute regarding to the Trilogy Claims.

24. As a result of many issues, discussions between AWAC and Trilogy Vineyard continued for many years. With no agreement, Trilogy Vineyards provided notice of terminating the Tolling Agreement in accordance with its terms on October 6, 2023 and filed this Complaint.

25. Plaintiff has performed all of its obligations under the AWAC Policy, including the payment of premiums, the timely tender of the Trilogy Claims, and abiding by the Policy's consent, cooperation and voluntary payments provisions.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against Defendant AWAC)

26. Plaintiff repeats the allegations set forth in paragraphs 1 through 25 as though fully set forth herein, and further allege as follows:

27. The AWAC Policy obligates AWAC to pay defense and indemnity for the Trilogy Claims upon exhaustion of the ASIC primary policy. The AWAC Policy also obligates AWAC to cooperate in the defense and settlement of the Trilogy Claims made against the Plaintiff that are handled by ASIC and are likely to impact the AWAC policy.

28. The ASIC Policy and the AWAC Policy are triggered by the Trilogy Claims made by homeowners whose homes closed escrow during the ASIC and AWAC policy periods. Based on the close of escrows dates, numerous Trilogy Claims trigger the ASIC and AWAC policies. Further the Trilogy Claims—alleged construction defect claims—are the exact type of claims that are covered under the "wrap" program that Plaintiff purchased and for which the AWAC Policy was issued as the first layer excess coverage.

29. Despite repeated demands that AWAC abide by its coverage obligations to pay defense and indemnity for the Trilogy Claims and provide consent to the settlement of the Trilogy Claims in ADR proceedings, AWAC refused, thereby breaching the AWAC Policy, causing harm and damaging Plaintiff by forcing it to pay defense and indemnity for the Trilogy Claims without the assistance of an insurer to whom it paid substantial premiums.

30. In addition, throughout, AWAC refused to cooperate in investigation, defense and settlement of the Trilogy Claims, thereby breaching its contractual duty to cooperate in the investigation, settlement or defense of such civil proceedings and/or claims that impact the AWAC Policy.

31. As a direct result of AWAC's breaches of contract, Plaintiff has been damaged in an amount subject to proof at trial.

## SECOND CAUSE OF ACTION

**(Tortious Breach of Implied Covenant of Good Faith and Fair Dealing – Bad Faith Against Defendant AWAC)**

32. Plaintiff repeats the allegations set forth in paragraphs 1 through 30 as though fully set forth herein, and further alleges as follows:

33. The AWAC Policy is part of a "wrap" program designed to protect Plaintiff, enrolled contractors and others against construction defect claims arising from various housing developments, including developments in California. The insurance was procured to protect Plaintiff from claims made under California law

that placed "strict liability" on Plaintiff for certain defects and that require Plaintiff to perform repairs in certain circumstances before the commencement of litigation. The "wrap" program and the AWAC Policy were purchased to protect Plaintiff from such liabilities, including pre-litigation claims, and to provide coverage for claims resolved through mandatory ADR which would reduce the cost of claims resolution.

34. The Trilogy Claims trigger the coverage obligations under the AWAC Policy as the claims arise out of a mandatory obligation placed on Plaintiff consistent with California statutory law that constitute a "civil proceeding" under the AWAC Policy.

35. Further, even if the mandatory statutory framework to resolve Trilogy Claims is not considered a "civil proceeding," the AWAC Policy expressly provides coverage for the Trilogy Claims to be resolved through ADR. AWAC was required to act in "good faith" and provide consent to resolve meritorious claims through the mandatory ADR procedures, and not to withhold consent unreasonably as part of a "bad faith" scheme to deny coverage.

36. Based on the investigation conducted by defense counsel and the contractual obligations faced by Plaintiff, the mandatory ADR procedures included within the contracts with each Trilogy Vineyards homeowner were a reasonable and necessary way to resolve the Trilogy Claims. The primary insurer, ASIC, consented to resolving the claims through ADR.

37. Despite the primary insurer's consent to resolve the claims through ADR, AWAC unreasonably refused to acknowledge that the mandatory ADR process that Plaintiff was mandated to participate in constitutes a "civil proceeding" or provide consent to resolving the Trilogy Claims through ADR. Contrary to its policy obligations, AWAC breached its coverage obligations by not cooperating in the settlement of the Trilogy Claims and claiming a lawsuit needed to be filed for coverage. At the same time, further evidencing the unreasonableness of AWAC's

conduct, AWAC refused to acknowledge coverage for the Trilogy Claims even if a lawsuit was filed by the claimants.

38.  AWAC has breached its policy obligations to Plaintiff.  Further, AWAC has breached the implied covenant of good faith and fair dealing owed to Plaintiff and has unfairly denied Plaintiff the right to receive the benefits of the insurance policy it issued.  AWAC's conduct epitomizes "bad faith" under California law as there is no reasonable basis for AWAC's claims handling decisions and wrongful denial of coverage.  As a direct result of AWAC's conduct, Plaintiff has been damaged subject to proof at trial.

## THIRD CAUSE OF ACTION
### (Declaratory Relief Against Defendant AWAC )

39.  Plaintiff repeats the allegations set forth in paragraphs 1 through 38 as though fully set forth herein, and further allege as follows:

40.  An actual controversy exists between Plaintiff and AWAC concerning the parties' respective rights and obligations under the AWAC policies.

41.  AWAC contends that it has no obligation to cover the Trilogy Claims because AWAC asserts the Trilogy Claims do not arise from a "civil proceeding" or "suit" as required by the AWAC Policies.  Further, AWAC claims there is no coverage for the Trilogy Claims because AWAC refused to consent to resolution of the Trilogy Claims by ADR.

42.  Plaintiff contends that (i) the ASIC and AWAC policies were written to provide coverage for pre-litigation construction defect claims that are resolved consistent with California statutory law, (ii) that the statutory mandated pre-litigation procedures constitute a "civil proceeding" under the AWAC Policies, (iii) the AWAC Policies also expressly allow the Trilogy Claims to be resolved through ADR, (iv) that ADR constitutes a "suit" that triggers the insurers' defense and indemnity obligation, (v) the ASIC policy and the AWAC policies were written and issued to provide coverage for claims made under California statutory law

mandating the resolution of construction defect claims via pre-litigation ADR, (vi) an insurer's consent for claims to be resolved through ADR may not be unreasonably withheld, (vii) based on the facts and circumstances of the case, Plaintiff's request to its insurers to consent to resolve the claims through ADR was reasonable, (viii) ASIC consented to the resolution of the Trilogy Claims via ADR, (ix) the resolution of the Trilogy Claims to which ASIC consented exhausted the limits of the ASIC policy and have impacted the AWAC Policies, (x) based on its conduct, AWAC is deemed to have forfeited all condition precedents to coverage, including but not limited to consent, no action and voluntary payments, (xi) based on AWAC's conduct, the settlements of the Trilogy Claims are presumed reasonable and covered under the AWAC policy and (xii) AWAC's defense to coverage for the Trilogy Claims is limited to proving fraud, collusion or an exclusion under the AWAC Policies.

43. Plaintiff is entitled under Section 1060 of the California Code of Civil Procedure to a declaration of its rights under the AWAC policies, that based on AWAC's breach of its insuring obligations to Plaintiff, AWAC has waived, forfeited or is estopped from denying coverage to Plaintiff for the Trilogy Claims based on Plaintiff's alleged violation of conditions precedent to coverage including, without limitation, those concerning cooperation, consent and voluntary payments. Further, as a result of AWAC's breach, Plaintiff's settlement of the Trilogy Claims are presumed reasonable and covered under the AWAC Policies thereby placing the burden on AWAC to demonstrate that the settlements of the Trilogy Claims are the result of fraud, collusion or barred by an exclusion to preclude coverage for the Trilogy Claims.

## FOURTH CAUSE OF ACTION

**(Declaratory Relief Against Defendant AWAC)**

44. Plaintiff repeats the allegations set forth in paragraphs 1 through 43 as though fully set forth herein, and further allege as follows:

45. An actual controversy exists between Plaintiff and AWAC concerning the parties' respective rights and obligations under the AWAC policies.

46. AWAC contends that it has no obligation to cover the Trilogy Claims because AWAC asserts the Trilogy Claims do not arise from a "civil proceeding" or "suit" as required by the AWAC Policies.  Further, AWAC claims there is no coverage for the Trilogy Claims because AWAC refused to consent to resolution of the Trilogy Claims by ADR.

47. Plaintiff contends that (i) the ASIC and AWAC policies were written to provide coverage for pre-litigation construction defect claims that are resolved consistent with California statutory law, (ii) the AWAC policies provided contractual obligations to AWAC for claims that impacted the AWAC Policies; (iii) in accordance with the AWAC Policies, AWAC had the opportunity to take control of the defense of the Trilogy Claims, (iv) AWAC chose not to take control of the defense of the Trilogy Claims, (v) the AWAC Policies expressly stated that if AWAC did not take control of the defense of the Trilogy Claims that impact the AWAC Policies, AWAC "shall cooperate in the investigation, settlement or defense of such claim, suit or proceeding", (vi) AWAC was therefore obligated to cooperate in the settlement or defense of the Trilogy Claims, (vii) as a result of AWAC's breach and refusal to cooperate in the settlement of the Trilogy Claims after not taking over the defense of the Trilogy Claims, AWAC is bound by the settlements of the Trilogy Claims and has no right to veto the settlements, (viii) based on its conduct, AWAC is deemed to have forfeited all condition precedents to coverage, including but not limited to consent, no action and voluntary payments, (ix) based on AWAC's conduct, the settlements of the Trilogy Claims are presumed reasonable and covered under the AWAC policy, and (x) AWAC's defense to coverage for the Trilogy Claims is limited to proving fraud, collusion or an exclusion under the AWAC Policies.

48. Plaintiff is entitled under Section 1060 of the California Code of Civil Procedure to a declaration of its rights under the AWAC policies, that based on AWAC's breach of its insuring obligations to Plaintiff, AWAC has waived, forfeited or is estopped from denying coverage to Plaintiff for the Trilogy Claims based on Plaintiff's alleged violation of conditions precedent to coverage including, without limitation, those concerning cooperation, consent and voluntary payments. Further, as a result of AWAC's breach, Plaintiff's settlement of the Trilogy Claims are presumed reasonable and covered under the AWAC Policies thereby placing the burden on AWAC to demonstrate that the settlements of the Trilogy Claims are the result of fraud, collusion or barred by an exclusion to preclude coverage for the Trilogy Claims.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands judgment against AWAC as follows:

1. On the First and Second Causes of Action, that Plaintiff is entitled to damages in an amount to be determined at trial and related damages.

2. On the Third Cause of Action, a declaration that the Trilogy Claims constitute a civil proceeding or "suit" under the AWAC Policy and to the extent AWAC has wrongfully denied coverage on those grounds for the Trilogy Claims that AWAC has waived, forfeited, or is estopped from denying coverage to Plaintiff for the Trilogy Claims based on Plaintiff's alleged violation of conditions precedent to coverage including, without limitation, those concerning cooperation, consent, voluntary payments and reasonableness of any settlement of a Trilogy Claim that impacts either of the AWAC Policy.  Further, as a result of AWAC's conduct, Plaintiff's settlement of the Trilogy Claims is presumed reasonable and covered under the AWAC Policy thereby placing the burden on AWAC to demonstrate that the settlements of the Trilogy Claims are the result of fraud, collusion or barred by an exclusion to preclude coverage for the Trilogy Claims.

3. On the Fourth Cause of Action, a declaration that AWAC was obligated to cooperate in the settlement of the Trilogy Claims in accordance with the AWAC Policy and California law. To the extent AWAC failed to cooperate in the settlement of the Trilogy Claims after not taking over the defense of the Trilogy Claims, AWAC has waived, forfeited, or is estopped from denying coverage to Plaintiff for the Trilogy Claims based on Plaintiff's alleged violation of conditions precedent to coverage including, without limitation, those concerning cooperation, consent, voluntary payments and reasonableness of any settlement of a Trilogy Claim that impacts either of the AWAC Policy. Further, as a result of AWAC's conduct, Plaintiff's settlement of the Trilogy Claims is presumed reasonable and covered under the AWAC Policy thereby placing the burden on AWAC to demonstrate that the settlements of the Trilogy Claims are the result of fraud, collusion or barred by an exclusion to preclude coverage for the Trilogy Claims.

4. On the First through Fourth Cause of Action, Plaintiff also is entitled to:

    a. Interest according to law.

    b. Costs of suit and attorneys' fees.

    c. Such other and further relief that is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby makes demand for jury trial on any and all causes of action to which such a jury trial right attaches.

Dated: June 4, 2024
                                         MORGAN, LEWIS & BOCKIUS LLP

By _/s/ Charles J. Malaret_
    Charles J. Malaret

Attorneys for Plaintiff
*LMC VINEYARDS, LLC*