# EXHIBIT A



**ALLIED WORLD NATIONAL ASSURANCE COMPANY**

225 Franklin Street, Boston, MA 02110 • Tel. (857) 288-6000 • Fax (617) 556-8060

---

FOLLOWING FORM EXCESS LIABILITY INSURANCE POLICY

Policy No: 0307-0192                                          New/Renewal of: New

IN RETURN FOR PAYMENT OF THE MINIMUM AND ADVANCE PREMIUM STATED IN ITEM 7. (a) BELOW, IN RELIANCE UPON THE STATEMENTS IN THE DECLARATIONS BELOW, AND SUBJECT TO THE LIMITS OF INSURANCE, EXCLUSIONS, CONDITIONS AND OTHER TERMS OF THIS **POLICY**; THE **COMPANY** AGREES WITH THE NAMED **INSURED** DESIGNATED IN ITEM 1. (a) BELOW TO PROVIDE THE INSURANCE AS STATED IN THIS **POLICY**.

DECLARATIONS

ITEM 1:   (a)   NAMED **INSURED**:          California Public Employees Retirement System
          (b)   ADDRESS:                     Lincoln Plaza East, 400Q Street, Room E4800
                                             Sacramento, CA 95814

ITEM 2.   POLICY PERIOD:                     From: September 30, 2011 To: September 30, 2016
          [12:01 A.M. standard time at the address stated in Item 1. (b) above]

ITEM 3.   RETROACTIVE DATE:                  N/A

ITEM 4:   LIMITS OF THIS INSURANCE:

          (a)   US$5,000,000                 Each Occurrence Limit
          (b)   US$5,000,000                 Products-Completed Operations Aggregate Limit
          (c)   US$5,000,000                 Other Aggregate Limit (where applicable)

ITEM 5:   LIMITS OF **UNDERLYING EXCESS INSURANCE:**

          US$5,000,000                       Each Occurrence Limit
          US$5,000,000                       Products-Completed Operations Aggregate Limit
          US$5,000,000                       Other Aggregate Limit (where applicable)

ITEM 6:   FOLLOWED POLICY:

          Company:                           American Safety Indemnity Company
          Policy Number:                     ESL1000260-1101
          Coverage:                          Excess Follow Form
          Policy Period:                     From: September 30, 2011 To: September 30, 2016
          Limits of Liability:
          US$5,000,000                       Each Occurrence Limit
          US$5,000,000                       Products-Completed Operations Aggregate Limit
          US$5,000,000                       Other Aggregate Limit (where applicable)

**This insurance is issued pursuant to the CA Insurance Code, Sections 1760 through 1780, and is placed in an insurer or insurers not holding a Certificate of Authority from or regulated by the California Insurance Commissioner.**

ITEM 7:      (a)    MINIMUM AND ADVANCE PREMIUM:        US$767,600
             (b)    MINIMUM EARNED PREMIUM:             US$268,660

ITEM 8:      NOTICES TO THE **COMPANY**:

             (a)    All notices of occurrence,
                    claim, suit, or proceeding:    Claim Department
             (b)    All other notices              Underwriting Department
                                                   Both (a) and (b) above at the address shown at the
                                                   top of the Declarations.

ITEM 9:      (a)    Representative of **Insured**:    Worldwide Facilities Inc
             (b)    Address:                          725 S. Figueroa St., 19th Floor
                                                      Los Angeles, CA 90017


**Date of Issuance:** May 15, 2012


3% CA SL Tax: $23,028.00
0.25% CA SL Stamping Fee: $1,919.00


In Witness Whereof, the Insurer has caused this policy to be executed and attested, but this policy shall
not be valid unless countersigned by a duly authorized representative of the Insurer.


                President                                    Asst. Secretary



                                                    **AUTHORIZED REPRESENTATIVE**

# FORMS SCHEDULE

The following forms and endorsements are made a part of this **policy**:

| Endorsement Number | Form Number | Title |
|---|---|---|
| | | |
| | GL 00140 00 (08/08) | Declarations |
| 1 | 00135 00 (11/05) | Schedule of Underlying Insurance |
| 2 | 00275 (03/12) | Service of Suit |
| 3 | 00136 (11/05) | U.S. Treasury Departments Office Of Foreign Assets Control ("OFAC") Advisory Notice To Policyholders |
| 4 | 00151 (11/05) | Non-Accumulation of Limits of Insurance - Listed Policies |
| 5 | 00173 (11/05) | Defense Costs Within Limits |
| 6 | 00174 (11/05) | Non-Followed Endorsements of the Followed Policy |
| 7 | 00188 (11/05) | Previously Notified Or Known Event Exclusion |
| 8 | 00208 (11/05) | Limitation Of Coverage To Designated Wrap-Up Projects |
| 9 | 00216 (11/05) | Professional Services Exclusion |
| 10 | 00223 (11/05) | Exterior Insulation And  Finish Systems Exclusion |
| 11 | 00225 (11/05) | Pre-Existing Defect  Injury or Damage Exclusion |
| 12 | 00241 (11/05) | Asbestos Exclusion |
| 13 | 00248 (11/05) | Close of Escrow with Unit Definition |
| 14 | GL 00301 00 (11/06) | Adjustable Premium Units That Close Escrow During Policy Period |
| 15 | GL 00316 00 (04/09) | Strategic Response Coverage Extension |
| 16 | GL 00338 00 (07/10) | Premium Endorsement |
| 17 | GL 00317 00 (05/09) | Drywall Exclusion |
| 18 | CalPERSManuA | Insurance Company Address Amend AWNAC (Amendment of Dec) |
| 19 | CalPERSManuB | Notices to the Company AWNAC (Amend of Item 4  of Dec) |
| | GL 00127 00 (09/07) | Policy Form |

# CALIFORNIA – SUITS INVOLVING A SURPLUS LINES BROKER - REMEDIES

A.  A surplus lines insurer may be sued upon any cause of action arising in this state under any surplus lines insurance contract made by it, or any evidence of insurance issued or delivered by the surplus lines broker, pursuant to the procedure set forth in Sections 1610 to 1620, inclusive. Any policy or evidence of insurance issued by the surplus lines insurer or the surplus lines broker shall contain a provision stating the substance of this section, and designating the person to whom the Commissioner shall mail process.

B.  Every surplus lines insurer assuming a surplus lines insurance shall be deemed thereby to have subjected itself to this chapter.

C.  The remedies provided by this section shall be in addition to any other methods provided by law for service of process.

IL 00017 04 (11/08)

**Endorsement No.: 1**
This Endorsement, effective: September 30, 2011
(at 12:01 A.M. prevailing time at the address stated in Item 1. (b) of the Declarations)
forms a part of Policy No.: 0307-0192
Issued to: California Public Employees Retirement System
By: Allied World National Assurance Company

## SCHEDULE OF UNDERLYING INSURANCE

| Type of Coverage | Insurer<br>Policy Number<br>Policy Period | Limits of Insurance | |
|---|---|---|---|
| Excess Follow Form $100,000 Per Occurrence SIR - Products - Completed Operations With a $2,000,000 Aggregate and a $50,000 Trailing SIR $50,000 Per Occurrence SIR - All Other | American Safety Indemnity Company ESL1000260-1101 September 30, 2011 - September 30, 2016 | US$5,000,000<br>US$5,000,000<br>US$5,000,000<br><br>US$250,000 | Each Occurrence<br>Other Aggregate<br>Products-Completed Operations Aggregate<br>SIR |
| Defense costs:<br>☒ Erode ☐ Do Not Erode<br>The Limits of Insurance listed in the policy above. | | | |
| | | | |

All other terms and conditions of this **policy** remain unchanged.

**Allied World National Assurance Company**

**By:**

**Todd Germano**

**Title:** **President, U.S. Property and Casualty**

**Date of Issuance: May 15, 2012**

**Endorsement No.: 2**
This Endorsement, effective: January 1, 2012
(at 12:01 A.M. prevailing  time at the address stated in Item 1. (b) of the Declarations)
forms a part of Policy No.: 0307-0192
Issued to: California Public Employees Retirement System
By: Alied World National Assuance Company

# SERVICE OF SUIT

It is agreed that the following condition is added to Section V – Conditions of this **policy**:

Service Of Suit
In the event of failure of the **company** to pay any amount claimed to be due hereunder, the **company**, at the request of the **insured**, will submit to the jurisdiction of a court of competent jurisdiction within the United States. Nothing in this condition constitutes or should be understood to constitute a waiver of the **company's** rights to commence an action in any court of competent jurisdiction in the United States, to remove an action to a United States District Court, or to seek transfer of a case to another court as permitted by the laws of the United States or of any state in the United States.  It is further agreed that service of process in such suit may be made upon counsel, Legal Department, Allied World Assurance Company, 199 Water Street, 24th Floor, New York, NY 10038 or his or her representative, and that in any suit instituted against the **company** upon this **policy**, the **company** will abide by the final decision of such court or of any appellate court in the event of an appeal.

Further, pursuant to any statute of any state, territory, or district of the United States which makes provision therefor, the **company** hereby designates the Superintendent, Commissioner or Director of Insurance, or other officer specified for that purpose in the statute, or his or her successors in office, as its true and lawful agent upon whom may be served any lawful process in any action, suit, or proceeding instituted by or on behalf of the **insured** or any beneficiary hereunder arising out of this **policy** of insurance and hereby designates the above named as the person to whom the said officer is authorized to mail such process or a true copy thereof.

All other terms and conditions of this **policy** remain unchanged.

**By:**

_Todd J. Germano_
_____
**Todd Germano**

**Title: President, U.S. Property and Casualty**

**Date: May 15, 2012**

00275 (03/12)

**Endorsement No.: 3**
This Endorsement, effective: September 30, 2011
(at 12:01 A.M. prevailing  time at the address stated in Item 1. (b) of the Declarations)
forms a part of Policy No.: 0307-0192
Issued to: California Public Employees Retirement System
By: Allied World National Assurance Company

# U.S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL ("OFAC") ADVISORY NOTICE TO POLICYHOLDERS

No coverage is provided by this Policyholder Notice nor can it be construed to replace any provisions of this **policy**.

This Notice provides information concerning the possible impact on this **policy's** coverage due to directives issued by OFAC. **Please read this Notice carefully.**

The Office of Foreign Assets Control (OFAC) administers and enforces sanctions, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous:

* Foreign agents;
* Front organizations;
* Terrorists;
* Terrorist organizations; and
* Narcotics traffickers;

as "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's web site – http//www.treas.gov/ofac.

In accordance with OFAC regulations, if it is determined that the Named **Insured** or any other **insured**, or any person or entity claiming the benefits of this **policy** has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, this **policy** will be considered a blocked or frozen contract and all provisions of this **policy** are immediately subject to OFAC. When an insurance policy is considered to be such a blocked or frozen contract, no payments or premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments also apply.

**Allied World National Assurance Company**

**By:**

Todd J. Germano

**Todd Germano**

Title: **President, U.S. Property and Casualty**

**Date of Issuance: May 15, 2012**

**Endorsement No.: 4**
This Endorsement, effective: September 30, 2011
(at 12:01 A.M. prevailing  time at the address stated in Item 1. (b) of the Declarations)
forms a part of Policy No.: 0307-0192
Issued to: California Public Employees Retirement System
By: Allied World National Assurance Company

## NON-ACCUMULATION OF LIMITS OF INSURANCE - LISTED POLICIES

It is agreed that the following condition is added to Section V – Conditions of this **policy**:

Non-Accumulation Of Limits Of Insurance – Listed Policies

It is agreed that if any damages, costs or expenses covered by this **policy** are also covered in whole, or in part, by:

| Allied World National Assuance Company | Policy Number: | C010295/001 |
| Allied World National Assuance Company | Policy Number: | C010359/001 |

Then:

1.     The combined maximum amount paid for all such damages, costs or expenses under this **policy** and all the other policies listed above will not exceed the greatest single limit of insurance applicable to such damages, costs or expenses under:

   a)   Either this **policy;** or

   b)   Any one of the policies listed above.

2.     Payments made for such damages, costs or expenses under this **policy** or any of the policies listed above will reduce any applicable Limit Of Insurance under this **policy** and any applicable limit of insurance under each of the applicable policies listed above.

This Endorsement will in no event increase the Limits Of Insurance of this **policy**.

All other terms and conditions of this **policy** remain unchanged.

**Allied World National Assurance Company**

**By:**

_____
**Todd Germano**

**Title:**  President, U.S. Property and Casualty

**Date of Issuance: May 15, 2012**

**Endorsement No.: 5**
This Endorsement, effective: September 30, 2011
(at 12:01 A.M. prevailing  time at the address stated in Item 1. (b) of the Declarations)
forms a part of Policy No.: 0307-0192
Issued to: California Public Employees Retirement System
By: Allied World National Assurance Company

# DEFENSE COSTS WITHIN LIMITS ENDORSEMENT

I.  It is agreed that under Section VI - Definitions, the Definition of **loss** is deleted and replaced by the following:

**Loss** means:

1.  Damages that the **insured** becomes legally obligated to pay because of injury or damage, after making proper deductions for all recoveries and salvage; and
2.  Defense and/or supplementary payments.

II.  It is further agreed that under Section II – Defense And Supplementary Payments, paragraph C. is deleted in its entirety and replaced by the following:

C.  Defense and/or supplementary payments made under this **policy** will reduce the Limits Of Insurance provided by this **policy**.

III.  With respect to the **underlying limits**, the phrase "defense and/or supplementary payments" means:

1.  Reasonable attorney fees and other reasonable investigation, loss-adjustment and litigation expenses;
2.  The cost of bonds required to:
    i.  Appeal judgments (in connection with the initiation and continuation of any appeal agreed to by any underlying insurer); or
    ii.  Release attachments;
    But only for bond amounts within the applicable **underlying limits**.
3.  Costs taxed against the **insured** in a suit or proceeding;
4.  Pre-judgment interest on that part of a judgment within the applicable **underlying limits**.

"Defense and/or supplementary payments" do not include any:

1.  Attorney fees, litigation expenses, or other loss, cost or expense in connection with any injunction or other equitable relief;
2.  Fines or penalties;
3.  Salaries or expenses of any **insured's** or any underlying insurer's employees, directors, managers, members, officers, partners, or workers (whether or not an employee);
4.  Consideration owed or paid to any loss-adjusting representative of any **insured** or any underlying insurer; or
5.  Interest that accrues after the entry of a judgment, other than such interest on the part of a judgment that is within the applicable **underlying limits** in connection with the initiation and continuation of an appeal of such judgment agreed to by the underlying insurer(s).

IV.  With respect to this **policy**, the phrase "defense and/or supplementary payments" means any payments made under Section II – Defense And Supplementary Payments of this **policy**.

All other terms and conditions of this **policy** remain unchanged.

**Allied World National Assurance Company**

**By:**

_Todd J. Germano_

**Todd Germano**

**Title:**  **President, U.S. Property and Casualty**

**Date of Issuance: May 15, 2012**

**Endorsement No.: 6**
This Endorsement, effective: September 30, 2011
(at 12:01 A.M. prevailing  time at the address stated in Item 1. (b) of the Declarations)
forms a part of Policy No.: 0307-0192
Issued to: California Public Employees Retirement System
By: Allied World National Assurance Company

## NON-FOLLOWED ENDORSEMENTS OF THE FOLLOWED POLICY

It is agreed that Item 6. of the Declarations is amended by adding the following:

Regardless of any other provision of this **policy**, in no event will this **policy** follow:

Endorsement
Number                    Title
ES WP 507 12 10           Joint Defense Endorsement              of the Followed Policy.

All other terms and conditions of this **policy** remain unchanged.

**Allied World National Assurance Company**

**By:**

**Todd Germano**

**Title:**  **President, U.S. Property and Casualty**

**Date of Issuance: May 15, 2012**

**Endorsement No.: 7**
This Endorsement, effective: September 30, 2011
(at 12:01 A.M. prevailing  time at the address stated in Item 1. (b) of the Declarations)
forms a part of Policy No.: 0307-0192
Issued to: California Public Employees Retirement System
By: Allied World National Assurance Company

# PREVIOUSLY NOTIFIED OR KNOWN EVENT EXCLUSION

It is agreed that this **policy** does not provide coverage for any liability, **loss**, cost or expense resulting directly, or indirectly, from or arising in whole, or in part, out of:

A.  Any injury, damage, accident, offense, act, error or omission (collectively referred to below as "Event") of which:

1.  Notice has been given, or deemed to have been given, under any other policy or contract of insurance; or

2.  The Named **Insured** was aware;

Prior to the Policy Period of this **policy**; or

B.  Any continuation, change or resumption of such Event described in A. above during or after the Policy Period of this **policy**.

Regardless of any other provision of this **policy**, the Named **Insured** will be deemed to have been aware of such Event if any executive officer of any **insured** or any manager or equivalent-level employee in any **insured's** risk management, insurance or law, legal, or general counsel department was aware of such Event (or of any injury or damage arising out of such Event) irrespective of whether or not such person was aware that such Event (or any injury or damage arising out of such Event) was likely to involve this **policy**.

All other terms and conditions of this **policy** remain unchanged.

**Allied World National Assurance Company**

**By:**

**Todd Germano**

**Title:  President, U.S. Property and Casualty**

**Date of Issuance: May 15, 2012**

**Endorsement No.: 8**
This Endorsement, effective: September 30, 2011
(at 12:01 A.M. prevailing  time at the address stated in Item 1. (b) of the Declarations)
forms a part of Policy No.: 0307-0192
Issued to: California Public Employees Retirement System
By: Allied World National Assurance Company

# LIMITATION OF COVERAGE TO DESIGNATED WRAP-UP PROJECT(S)

It is agreed that this **policy** provides coverage only for ongoing operations or operations included within the products-completed operations hazard (as such hazard is defined in the Followed Policy) within the scope of the project(s) listed in the Schedule below that the **insured** began and completed between September 30, 2011 and September 30, 2016; but only if such operations are performed:

A.   At the location(s) listed in the Schedule below; and

B.   By a contractor that has been enrolled in this consolidated (wrap-up) insurance program.

SCHEDULE:

| Name Of Project: | Location Of Project: |
| --- | --- |
| Trilogy Vineyards (374 Single Family Dwellings | 1988 Sacred Mountain Lane, Brentwood, CA 94513 |
| (812 Single Family Dwellings) | 36460 N. Encanterra Dr., Queen Creek, AZ 85140 |
| Trilogy Mountain House (256 Single Family Dwellings) | APN # 25803003 Trilogy Mountain |
| Shea Mountain House (4335 Lot Closings/Land Development) | 25 E. Main Street, Mountain House, CA |

All other terms and conditions of this **policy** remain unchanged.

**Allied World National Assurance Company**

**By:**

_____
   **Todd Germano**

**Title:**  **President, U.S. Property and Casualty**

**Date of Issuance: May 15, 2012**

**Endorsement No.: 9**
This Endorsement, effective: September 30, 2011
(at 12:01 A.M. prevailing  time at the address stated in Item 1. (b) of the Declarations)
forms a part of Policy No.: 0307-0192
Issued to: California Public Employees Retirement System
By: Allied World National Assurance Company

# PROFESSIONAL SERVICES EXCLUSION

It is agreed that this **policy** does not provide coverage for any liability, **loss**, cost or expense arising out of:

A.   Any breach of duty or negligent act, error, omission, malpractice or mistake in the rendering of, or failure to render, any professional services; or

B.   Any breach of duty or negligent act, error, omission, malpractice or mistake of a professional nature;

Committed by, or on behalf of, any **insured** in the conduct of any **insured's** activities.


All other terms and conditions of this **policy** remain unchanged.


**Allied World National Assurance Company**

**By:**

**Todd Germano**

**Title:  President, U.S. Property and Casualty**

**Date of Issuance: May 15, 2012**

**Endorsement No.: 10**
This Endorsement, effective: September 30, 2011
(at 12:01 A.M. prevailing time at the address stated in Item 1. (b) of the Declarations)
forms a part of Policy No.: 0307-0192
Issued to: California Public Employees Retirement System
By: Allied World National Assurance Company

# EXTERIOR INSULATION AND FINISH SYSTEMS EXCLUSION

It is agreed that this **policy** does not provide coverage for any liability, **loss**, cost or expense resulting directly, or indirectly, from or arising in whole, or in part, out of:

A.  The design, manufacture, construction, fabrication, preparation, installation, application, maintenance or repair, including remodeling, service, correction, or replacement of an **exterior insulation and finish system** or any part or component thereof, or any substantially similar system, or any part or component of such similar system, including the application, or use, of paints, conditioners, primers, accessories, flashings, coatings, caulkings or sealants in connection with such a system; or

B.  Any **insured's** product or work with respect to any exterior component, fixture or feature of any structure if an **exterior insulation and finish system**, or any substantially similar system, is used on the part of that structure containing that component, fixture or feature.

**Exterior insulation and finish system** means any non-load-bearing exterior cladding or finish system, and all component parts therein, used on any part of any structure, and typically consisting of:

1.  A rigid, or semi-rigid, insulation board made of expanded polystyrene or polysisacyanurate foam, or both, and other materials;

2.  The adhesive or mechanical fasteners, or both, used to attach the insulation board to the substrate;

3.  A reinforced or unreinforced base coat;

4.  A finish coat providing surface texture to which color may be added; and

5.  Any flashing, caulking or sealant used with the system for any purpose.

All other terms and conditions of this **policy** remain unchanged.

**Allied World National Assurance Company**

**By:**

_____
**Todd Germano**

Title: **President, U.S. Property and Casualty**

**Date of Issuance: May 15, 2012**

00223 (11/05)                     Page 1 of 1

**Endorsement No.: 11**
This Endorsement, effective: September 30, 2011
(at 12:01 A.M. prevailing time at the address stated in Item 1. (b) of the Declarations)
forms a part of Policy No.: 0307-0192
Issued to: California Public Employees Retirement System
By: Allied World National Assurance Company

## PRE-EXISTING DEFECT, INJURY OR DAMAGE EXCLUSION

It is agreed that this **policy** does not provide coverage for any liability, **loss**, cost or expense resulting directly, or indirectly, from or arising in whole, or in part, out of any pre-existing defect, injury or damage that the Named **Insured** was aware of prior to the Policy Period of this **policy**.

This exclusion will apply whether or not the **insured's** legal liability to pay for such pre-existing defect, injury or damage was established prior to the Policy Period of this **policy**.

Regardless of any other provision of this **policy**, the Named **Insured** will be deemed to have been aware of such defect, injury or damage if any executive officer of any **insured** or any manager or equivalent-level employee in any **insured's** risk management, insurance or law, legal, or general counsel department was aware of such defect, injury or damage irrespective of whether or not such person was aware that such defect, injury or damage was likely to involve this **policy**.

To the extent any person, described in the paragraph above, was aware, prior to the Policy Period of this **policy**, of any injury or damage, then any continuation, change or resumption of such injury or damage subsequent to the effective date of this Endorsement will be deemed to have occurred and to have been known by the Named **Insured**, prior to the Policy Period of this **policy**

All other terms and conditions of this **policy** remain unchanged.

**Allied World National Assurance Company**

**By:**

_____
**Todd Germano**

**Title:  President, U.S. Property and Casualty**

**Date of Issuance: May 15, 2012**

**Endorsement No.: 12**
This Endorsement, effective: September 30, 2011
(at 12:01 A.M. prevailing  time at the address stated in Item 1. (b) of the Declarations)
forms a part of Policy No.: 0307-0192
Issued to: California Public Employees Retirement System
By: Allied World National Assurance Company

# ASBESTOS EXCLUSION

It is agreed that this **policy** does not provide coverage for:

A.  Any liability, **loss**, cost or expense based upon, resulting directly, or indirectly, from, arising in whole, or in part, out of or in any way involving the mining, manufacture, distribution, sale, installation, removal, utilization, ingestion, inhalation or existence of, or exposure to, asbestos in any form or any products or materials containing asbestos; or

B.  Any **loss**, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, asbestos in any form or any products or materials containing asbestos, by any **insured** or by any other person or organization.

All other terms and conditions of this **policy** remain unchanged.

**Allied World National Assurance Company**

**By:**

**Todd Germano**

**Title:**  **President, U.S. Property and Casualty**

**Date of Issuance: May 15, 2012**

**Endorsement No.: 13**
This Endorsement, effective: September 30, 2011
(at 12:01 A.M. prevailing  time at the address stated in Item 1. (b) of the Declarations)
forms a part of Policy No.: 0307-0192
Issued to: California Public Employees Retirement System
By: Allied World National Assurance Company

# CLOSE OF ESCROW WITH UNIT DEFINITION

It is agreed that with respect to the products-completed operations hazard (as such hazard is defined in the Followed Policy):

I.  Paragraph B. under Section I – Insuring Agreement of this **policy** is deleted and replaced by the following:

B.  This **policy** only applies if:

1.  The **triggering event** that must happen during the policy period of the Followed Policy happens during the Policy Period, as stated in Item 2. of the Declarations, of this **policy**; and

2.  The injury or damage arises out of a **unit**, the deed or title to which was recorded in the name of the third-party purchaser with the county clerk during the Policy Period of this **policy**.

II.  This **policy** does not provide coverage for any liability, **loss**, cost or expense based upon, arising out of, directly or indirectly resulting from, in consequence of or in any way involving a **unit**, the deed or title to which was recorded in the name of a third party prior to the Policy Period of this **policy**.

**Unit** means a home, townhouse or condominium:

1.  Built by, or on behalf of, the **insured**; or
2.  Financed by the **insured**;

And sold to a third party unrelated to the **insured**.

All other terms and conditions of this **policy** remain unchanged.

**Allied World National Assurance Company**

**By:**

Todd Germano

**Title:  President, U.S. Property and Casualty**

**Date of Issuance: May 15, 2012**

**Endorsement No.: 14**
This Endorsement, effective: September 30, 2011
(at 12:01 A.M. prevailing  time at the address stated in Item 1. (b) of the Declarations)
forms a part of Policy No.: 0307-0192
Issued to: California Public Employees Retirement System
By: Allied World National Assurance Company

# ADJUSTABLE PREMIUM
# UNITS THAT CLOSE ESCROW DURING POLICY PERIOD

It is agreed that, subject to Condition J. Premium of Section V – Conditions of this **policy**, the Premium shown in Item 7. (a) of the Declarations is adjustable based on the total number of all units that close escrow during the Policy Period of this **policy**.

Rate of Adjustment:
$500.00 Per Unit and $8.955 Per Lot that is in excess of the number of Estimated Units listed below.

1,442 Estimated Units and 4355 Lots

No later than Ninety (90) days following expiration or cancellation of this **policy**, the Named **Insured** shall submit a report to the **company** stating the total number of units that closed escrow during the Policy Period of this **policy**.

If the number of total units that closed escrow during the Policy Period of this **policy** exceeds the number of Estimated Units stated above, then:

1.      The number of units that closed escrow during the Policy Period of this **policy** that is in excess of the number of Estimated Units stated above will be multiplied by the Rate of Adjustment stated above; and

2.      The Named **Insured** shall remit the additional premium, which is the product of the calculation in paragraph 1. above, to the **company** with its report.

If the term "unit" is defined elsewhere in this **policy**, then the term "unit," wherever used in this Endorsement, will have the same meaning as defined elsewhere in this **policy**; otherwise, it will have the same meaning as defined in the Followed Policy.


All other terms and conditions of this **policy** remain unchanged.

**Allied World National Assurance Company**

**By:**

_Todd J. Germano_

**Todd Germano**

**Title:  President, U.S. Property and Casualty**

**Date of Issuance: May 15, 2012**

GL 00301 00 (11/06)

**Endorsement No.: 15**
This endorsement, effective: September 30, 2011
                        (at 12:01 A.M. standard time at the address of the Named **Insured** as
                        shown in Item 1. (b) of the Declarations)
forms a part of Policy No.: 0307-0192
Issued to: California Public Employees Retirement System
By: Allied World National Assurance Company

## STRATEGIC RESPONSE COVERAGE EXTENSION

I.  It is agreed that SECTION I – INSURING AGREEMENT is amended by adding the following:

    INSURING AGREEMENT – STRATEGIC RESPONSE

    A.  The **company** shall pay, on behalf of the **insured**, **strategic response costs** arising from a **strategic management event** first commenced during the Policy Period, up to the amount of the **strategic response costs** Limit of Liability set forth in this Endorsement.

    B.  The **company** shall pay **strategic management loss** directly to third parties at the request of and on behalf of the **insured** arising from a **strategic management event** first commenced during the Policy Period, up to the amount of the **strategic management loss** Limit of Liability set forth in this Endorsement.

    C.  A **strategic management event** will be deemed to first commence at the time during the Policy Period when an **executive** first becomes aware of a **triggering event** that gives rise to a **strategic management event** and will end when the **company** determines that any one of the necessary elements listed in the definition of a **strategic management event** no longer exists or when the **strategic management loss** Limit of Liability has been exhausted.

    D.  There will be no **underlying limits** applicable to **strategic response costs** or **strategic management loss**.

    E.  Any payment by the **company** of **strategic response costs** or **strategic management loss**  pursuant to the terms of this Endorsement will not (1) constitute a determination of any of our rights or obligations under any other part of this **policy**; (2) create any duty to defend any claim or suit under any other part of this **policy**; or (3) create a waiver of any right or defense the **company** has with respect to the coverage provided by any part of this **policy**, including those set forth in Condition F. of this **policy**.

II.  It is agreed that ITEM 4. LIMITS OF THIS INSURANCE of the Declarations is amended by adding the following:

        (d)  US$250,000 **Strategic Response Costs** Limit of Liability

        (e)  US$50,000 **Strategic Management Loss** Limit of Liability

III.  It is agreed that SECTION IV – LIMITS OF INSURANCE is amended by adding the following:

LIMITS OF INSURANCE – STRATEGIC RESPONSE

A.  The **strategic response costs** Limit of Liability stated in Item 4.(d) of the Declarations is the most the **company** will pay for all **strategic response costs** under this **policy** regardless of the number of **strategic management events** first commenced during the Policy Period.

B.  The **strategic management loss** Limit of Liability stated in Item 4.(e) of the Declarations is the most the **company** will pay for all **strategic management loss** under this **policy** regardless of the number of **strategic management events** first commenced during the Policy Period.

C.  The **strategic response costs** Limit of Liability and the **strategic management loss** Limit of Liability are in addition to, and are not part of, the Aggregate Limit of Insurance shown in Item 4. of the Declarations.

IV.  It is agreed that SECTION V – CONDITIONS, Paragraph F. is amended by adding the following:

CONDITIONS – STRATEGIC RESPONSE

You must report any **strategic management event** to the **company**  as soon as practicable, but no later than thirty (30) days after an **Executive** first becomes aware of a **triggering event** that gives rise to a **strategic management event** to be eligible for the payment of **strategic response costs** and **strategic  management loss**.

Notice of a **strategic management event** may be given by calling 1-877-300-AWAC. If notice is given by telephone, written notice will be given as soon as practicable thereafter. Written notice should include:

1.   how, when and where the **strategic management event** is taking or took place;

2.   the names and addresses of any injured persons and any witnesses; and

3.   the nature and location of any injury or damage arising out of the **strategic management event**.

Written notice should be mailed or delivered to:

Allied World Assurance Company (U.S.) Inc.
199 Water Street, 24th Floor
New York, NY 10038
Attention:  General Casualty Claims Supervisor

V. It is agreed that SECTION VI – DEFINITIONS is amended by adding the following:

DEFINITIONS – STRATEGIC RESPONSE

A. **Executive** means the Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, President, General Counsel or general partner (if the Named **Insured** is a partnership) or sole proprietor (if the Named **Insured** is a proprietorship) of the Named **Insured**.   **Executive** also means any other person holding a title designated by you, approved by the **company** and shown by endorsement to this **policy**.

B. **Strategic management event** means a **triggering event** that in the absence of **strategic management services** and in the good faith opinion of an **Executive** of the Named **Insured** has or may result in:

   1.    damages covered by this **policy** that are in excess of the total applicable limits of **underlying limits**; and

   2.    significant adverse regional or national media coverage.

   **Strategic management event** will include man-made disasters such as explosions, major crashes, multiple deaths, burns, dismemberment, traumatic brain injury, permanent paralysis, or contamination of food, drink or pharmaceuticals, provided that the damages arising out of any of the aforementioned are reasonably likely to be covered under this **policy**.

C. **Strategic management firm** means:

   1.    any firm that is listed in Schedule A – Strategic Management Firms, attached to and forming part of this **policy**; or

   2.    any firm for which  the **company**, in its sole discretion, has provided prior written approval to the Named **Insured**,

   which is hired by you to perform **strategic management services** in connection with a **strategic management event**.

D. **Strategic management loss** means the following amounts incurred during a **strategic management event**:

   1.    amounts for the reasonable and necessary fees and expenses incurred by a **strategic management firm** in the performance of **strategic management services** for the Named **Insured,** solely arising from a covered **strategic management event**; and

   2.    amounts for reasonable and necessary printing, advertising, mailing of materials, or travel by directors, officers, employees or agents of the Named **Insured** or a **strategic management firm** incurred at the direction of a **strategic management firm**, solely arising from a covered **strategic management event**.

E. **Strategic management services** means those services performed by a **strategic management firm** in advising the Named **Insured** on minimizing potential harm to the Named **Insured** from a covered **strategic management event** by maintaining and restoring public confidence in the Named **Insured**.

F. **Strategic response costs** means the following reasonable and necessary expenses incurred during a **strategic management event** directly caused by a **strategic management event**, provided that such expenses have been pre-approved by the **company** and may be associated with damages that are reasonably likely to be covered by this **policy**:

    1.    medical expenses;

    2.    funeral expenses;

    3.    psychological counseling;

    4.    travel expenses;

    5.    temporary living expenses;

    6.    expenses to secure the scene of a **strategic management event**; and

    7.    any other expenses pre-approved by the **company**.

**Strategic response costs** does not include defense costs or **strategic management loss**.

All other terms and conditions of this **policy** remain unchanged.

**Allied World National Assurance Company**

**By:**

    **Todd Germano**

**Title:** **President, U.S. Property and Casualty**

**Date of Issuance: May 15, 2012**

**Schedule A**

**Strategic Management Firms\***

**Communications / Public Relations Firms**

| FIRM/ADDRESS | CONTACT INFORMATION |
|---|---|

| **The Abernathy MacGregor Group, Inc.** |
|---|

New York Office:
501 Madison Avenue
New York, NY 10022
www.abmac.com

Jim MacGregor
Vice Chairman
Office: (212) 371-5999
Cell: (646) 236-3271
Home: (212) 343-0818
Office Fax: (212) 752-0723
Home Fax: (646) 613-7033
Email: jtm@abmac.com

Rhonda Barnat
Managing Director
Office: (212) 371-5999
Cell: (917) 912-6378
Home: (646) 478-8740
Office Fax: (212) 752-0723
Email: rb@abmac.com

Mike Pascale
Managing Director
Office: (212) 371-5999
Cell: (917) 860-2048
Home: (914) 472-0810
Office Fax: (212) 752-0723
Home Fax: (914) 472-0559
Email: mmp@abmac.com

Los Angeles Office:
707 Wilshire Boulevard
Suite 3950
Los Angeles, CA 90017

Ian Campbell
Managing Director
Office: (213) 630-6550
Cell: (213) 422-7958
Home: (818) 957-5650
Office Fax: (213) 489-3443
Home Fax: (818) 541-0954
Email: idc@abmac.com

| FIRM/ADDRESS | CONTACT INFORMATION |
|---|---|

**Singer Associates, Inc.**

140 Second Street
Sixth Floor
San Francisco, CA 94105
www.singer-associates.com

Sam Singer
President
Office: (415) 227-9700 x 101
Cell: (415) 336-4949
Home: (510) 644-3636
Email:  singer@singersf.com

Adam Alberti
Executive Vice President
Office: (415) 227-9700 x 105
Cell: (415) 225-2443
Home: (650) 620-9120
Email: adam@singersf.com
Courtney Lodato
Vice President
Office: (415) 227-9700 x 109
Cell: (415) 378-4382
Home: (650) 931-4694
Email: courtney@singersf.com

Jason Barnett
Vice President
Office: (415) 227-9700 x 106
Cell: (415) 999-0917
Home: (415) 644-0800
Email: barnett@singersf.com

Charles Goodyear
Senior Account Supervisor
Office: (415) 227-9700 x 111
Cell: (415) 637-8671
Home: (415) 409-6909
Email: charlie@singersf.com

**Zeno Group**

Washington, D.C. Office:
3222 N Street, NW
Suite 500
Washington, DC  20007

Phil Armstrong
Chief Operating Officer
Main: (202) 965-7801
Cell: (202) 669-9926
Home:  202) 333-0589
Fax: (202) 298-5611
Email: phil.armstrong@zenogroup.com

New York City Office:
200 Park Avenue South
Suite 1603
New York, NY  10003

Main: (212) 299-8955

**Investigative and Security Firm**

| FIRM/ADDRESS | CONTACT INFORMATION |
|---|---|
| **Kroll** | |

1166 Avenue of the Americas
New York, NY 10036
www.kroll.com

Timothy V. Horner
Managing Director
Office:  (212) 833-3366
Cell: (646) 739-9428
Fax: (212) 948-4222
Email:  thorner@kroll.com


**\*** The **company** does not endorse the firms listed nor warrant the services they provide.

**Endorsement No.: 16**
This Endorsement, effective: September 30, 2011
(at 12:01 A.M. prevailing  time at the address stated in Item 1. (b) of the Declarations)
forms a part of Policy No.: 0307-0192
Issued to: California Public Employees Retirement System
By: Allied World National Assurance Company

# PREMIUM ENDORSEMENT

It is agreed that this policy is amended as follows:

SECTION V – CONDITIONS, J. Premium is amended to is amended to include the following additional provision:

> The Minimum and Advance Premium stated in Item 7.(a) of the Declarations of this **policy** will be deemed to be 100% earned after the first twelve (12) months of the policy term.

All other terms and conditions of this **policy** remain unchanged.

**Allied World National Assurance Company**

**By:**

_____
**Todd Germano**

**Title:** **President, U.S. Property and Casualty**

**Date of Issuance: May 15, 2012**

GL 00338 00 (07/10)

**Endorsement No.: 17**
This endorsement, effective: September 30, 2011
(at 12:01 A.M. standard time at the address of the Named **Insured** as shown in Item 1. (b) of the Declarations)
forms a part of Policy No.: 0307-0192
Issued to: California Public Employees Retirement System
By: Allied World National Assurance Company


# DRYWALL AND DRYWALL COMPONENTS EXCLUSION


It is agreed that this **policy** does not provide coverage for any liability, **loss**, cost or expense based upon, resulting directly, or indirectly, from, arising in whole, or in part, out of drywall, or any component thereof, by whatever name, originating from the People's Republic of China.


All other terms and conditions of this **policy** remain unchanged


**Allied World National Assurance Company**

**By:**

_____
**Todd Germano**

**Title:**  **President, U.S. Property and Casualty**

**Date of Issuance: May 15, 2012**

GL 00317 00 (05/09)                    1

**Endorsement No.: 18**
This endorsement, effective: January 1, 2012
(at 12:01 A.M. standard time at the address of the Named **Insured** as shown in Item 1. (b) of the Declarations)
forms a part of Policy No.: 0307-0192
Issued to: California Public Employees Retirement System
By: Allied World National Assurance Company

# INSURANCE COMPANY ADDRESS AMENDATORY
## (AMENDMENT OF DECLARATIONS)

It is agreed that this **policy** is amended as follows:

The insurance company address, telephone number and facsimile number on the DECLARATIONS is deleted in its entirety and replaced by the following:

> Allied World National Assurance Company
> 199 Water Street, 24th Floor
> New York, NY 10038
> Tel: 646-794-0500
> Fax: 646-794-0611

All other terms and conditions of this **policy** remain unchanged.

**Allied World National Assurance Company**

**By:**

**Todd Germano**

**Title:** **President, U.S. Property and Casualty**

**Date of Issuance: May 15, 2012**

**Endorsement No.: 19**
This endorsement, effective: January 1, 2012
(at 12:01 A.M. standard time at the address of the Named **Insured** as shown in Item 1. (b) of the Declarations)
forms a part of Policy No.: 0307-0192
Issued to: California Public Employees Retirement System
By: Allied World National Assurance Company

## NOTICES TO THE COMPANY AMENDATORY
## (AMENDMENT OF ITEM 8. OF DECLARATIONS)

It is agreed that this policy is amended as follows:

The DECLARATIONS, ITEM 8. is deleted in its entirety and replaced by the following:

ITEM 8.   NOTICES TO THE **COMPANY**:
   (a)  All notices of occurrence,      ALLIED WORLD NATIONAL ASSURANCE COMPANY
        claim, suit, or proceeding:     ATTN: CLAIMS DEPARTMENT
                                        199 WATER STREET, 29TH FLOOR
                                        NEW YORK, NY 10038

                                        FACSIMILE:  646-794-0811
                                        E-MAIL:  AWACUS.GeneralCasualtyClaims@awac.com

   (b)  All other notices:              ALLIED WORLD NATIONAL ASSURANCE COMPANY
                                        ATTN: GENERAL CASUALTY
                                        199 WATER STREET, 24TH FLOOR
                                        NEW YORK, NY 10038

                                        FACSIMILE:  646-794-0611

All other terms and conditions of this policy remain unchanged.

**Allied World National Assurance Company**

**By:**

_____
**Todd Germano**

**Title:  President, U.S. Property and Casualty**

**Date of Issuance: May 15, 2012**

## POLICYHOLDER DISCLOSURE STATEMENT
## UNDER THE
## TERRORISM RISK INSURANCE ACT

The **insured** is hereby notified that under the federal Terrorism Risk Insurance Act, as amended, (the "Act"), the **insured** has a right to purchase insurance coverage for **losses** arising out of an Act of Terrorism, which is defined in the Act as an act certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States, (i) to be an act of terrorism, (ii) to be a violent act or an act that is dangerous to (A) human life; (B) property; or (C) infrastructure, (iii) to have resulted in damage within the United States, or outside of the United States in case of an air carrier or vessel or the premises of a U.S. mission and (iv) to have been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion. The **insured** should read the Act for a complete description of its coverage.  The Secretary's decision to certify or not to certify an event as an Act of Terrorism covered by the Act is final and not subject to review.

Coverage provided by this **policy** for **losses** caused by an Act of Terrorism may be partially reimbursed by the United States Government under a formula established by federal law.  Under this formula, the United States Government will generally pay 85% of terrorism **losses** exceeding a statutorily established deductible that must be met by the **company**, and which deductible is based on a percentage of the **company's** direct earned premiums for the year preceding the Act of Terrorism.

Be advised that there is a $100 billion cap on all losses resulting from Acts of Terrorism.  If aggregate insured losses attributable to Acts of Terrorism exceed $100 billion in a Program Year (January 1 through December 31), the United States Government shall not make any payment for any portion of the amount of such loss that exceeds $100 billion. If aggregate insured losses attributable to Acts of Terrorism exceed $100 billion in a Program Year and the **company** has met its deductible under the Act, the **company** shall not be liable for payment of any portion of the **losses** that exceeds $100 billion, and in such case, **insured losses** up to that amount are subject to pro rata allocation in accordance with procedures established by the Secretary of the Treasury.

Coverage for "insured losses" as defined in the Act is subject to the coverage terms, conditions, amounts and limits in this **policy** applicable to **losses** arising from events other than Acts of Terrorism.

The **insured** should know that under federal law, the **insured** is not required to purchase coverage for losses caused by Acts of Terrorism.

Please indicate the selection of the Insured below.

_____    The **insured** hereby elects to purchase coverage in accordance with the Act for a premium of $7,600.

_____    The **insured** hereby rejects coverage and accepts reinstatement of the exclusion in accordance with the Act.

| | |
|---|---|
| _____ | California Public Employees Retirement System |
| Signature of **Insured** | |
| | |
| _____ | 0307-0192 |
| Print/Title | |
| | |
| _____ | |
| Date | |

GL 00117 00 (01/08)



## ALLIED WORLD NATIONAL ASSURANCE COMPANY

# FOLLOWING FORM EXCESS LIABILITY INSURANCE POLICY

Words and phrases that appear in **bold** print have special meanings that are defined under Section VI – Definitions of this **policy**. If the Followed Policy listed in Item 6. of the Declarations has defined a word or phrase, this **policy** will follow that definition unless this **policy** expressly defines such word or phrase, in which case the meaning given to such word or phrase in this **policy** will apply. Please read the entire **policy** and the Followed Policy listed in Item 6. of the Declarations carefully.

SECTION I - INSURING AGREEMENT

A. Subject to all the warranties, terms, conditions, exclusions and limitations applicable to this **policy**, the **company** shall pay, on behalf of the **insured**, that part of **loss,** to which this **policy** applies, which exceeds the applicable **underlying limits**. This **policy** does not provide coverage for any part of **loss** within **underlying limits,** or any related cost or expenses.

B. This **policy** only applies if the **triggering event** that must happen during the policy period of the Followed Policy happens during the Policy Period, as stated in Item 2. of the Declarations, of this **policy**.

C. This **policy** does not provide coverage for any:

1. Injury or damage that occurs;
2. Accident that occurs;
3. Offense that was committed; or
4. Act, error or omission that occurs;

Before the Retroactive Date, if any, stated in Item 3. of the Declarations of this **policy**.

D. This **policy** will follow the warranties, terms, conditions, exclusions and limitations that are contained in the Followed Policy listed in Item 6. of the Declarations unless a warranty, term, condition, exclusion or limitation contained in this **policy:**

1. Differs from a warranty, term, condition, exclusion or limitation of the Followed Policy; or
2. Is not contained in the Followed Policy;

In which case, such warranty, term, condition, exclusion or limitation of this **policy** will apply, to the extent that it provides less coverage than the Followed Policy.

E. Regardless of any other warranties, terms, conditions, exclusions or limitations of this **policy**, if any policy of **underlying excess insurance** does not cover **loss** for reasons other than exhaustion of its applicable limit of liability by payment of claims, then this **policy** will not cover such **loss**.

F. The **company** has no obligation under this **policy** with respect to any claim, suit or proceeding settled without its prior written consent.

G. If the **company** is prevented by law from paying on behalf of the **insured** for coverage provided under this **policy**, then the **company** will indemnify the **insured**.

H. Other than as provided under Section II - Defense And Supplementary Payments of this **policy**, the **company** will have no other obligation or liability to pay sums or perform acts or services under this **policy**.

SECTION II - DEFENSE AND SUPPLEMENTARY PAYMENTS

Subject to all the warranties, terms, conditions, exclusions and limitations applicable to this **policy:**

A. The **company** shall have the right, but not the duty, to assume charge of the investigation, settlement or defense of any claim made, suit brought, or proceeding instituted against any **insured** upon exhaustion of the applicable **underlying limits**. If the **company** has exercised such

right, it will not investigate, settle or defend any claim, suit or proceeding after it has exhausted the applicable Limit Of Insurance of this **policy** as stated in Item 4. of the Declarations. If the **company** does not exercise such right, or if the applicable **underlying limits** are not exhausted, the **company** will have the right, and will be given the opportunity, to associate effectively with the **insured** or any underlying insurer, or both, in the investigation, settlement or defense of any claim, suit or proceeding that is likely to involve this **policy**. In such event, the **insured**, the underlying insurer, and the **company** shall cooperate in the investigation, settlement or defense of such claim, suit or proceeding.

B.  The **company** will only pay the following defense and supplementary expenses:

1.  Interest that accrues on a judgment after entry of the judgment and before the **company** has paid, offered to pay, or deposited in court the part of the judgment that is within the applicable Limit Of Insurance of this **policy**;
2.  Reasonable attorney fees and other reasonable investigation, loss-adjustment or litigation expenses incurred directly by the **company** or by the **insured**, with the **company's** consent;
3.  The cost of bonds required to:
    i.  Appeal judgments (in connection with the initiation and continuation of any appeal agreed to by the **company**); or
    ii.  Release attachments;
    But only for bond amounts within the applicable Limit Of Insurance of this **policy**; and
4.  Pre-judgment interest on that part of a judgment within the applicable Limit Of Insurance of this **policy**; however, if the **company** makes an offer to pay the applicable Limit Of Insurance prior to judgment, it will not pay any pre-judgment interest that accrues after its offer.

C.  When defense or supplementary payments do not reduce any of the **underlying limits** provided by **underlying excess insurance**, then any such expense payment made

under this **policy** will not reduce the Limits Of Insurance provided by this **policy**.

**SECTION III -** WHO IS AN INSURED

The following persons and organizations qualify as **insureds**:

A.  The Named **Insured** designated in Item 1. (a) of the Declarations;

B.  Any person or organization (other than a person or organization included in C. below) qualifying as an insured in every policy of **underlying excess insurance** and every applicable policy of **underlying primary insurance**; and

C.  Any person or organization to whom any person or organization included in paragraph A. or B. above is obligated by virtue of a written contract or written agreement (other than a contract or policy of insurance) to provide insurance such as is afforded by this **policy**, but:

1.  Only if such person or organization qualifies as an insured in every policy of **underlying excess insurance** and every applicable policy of **underlying primary insurance**; and

2.  Only to the extent of such obligation and no further.

SECTION IV - LIMITS OF INSURANCE

A.  The Limits Of Insurance of this **policy** stated in Item 4. of the Declarations and the rules below determine the most the **company** will pay for **loss**, regardless of the number of:

1.  **Insureds**;
2.  Claims made, suits brought, or proceedings instituted;
3.  Persons or organizations making claims, bringing suits, or instituting proceedings;
4.  Vehicles involved; or
5.  Coverages provided under this **policy**.

B.  The Limits Of Insurance of this **policy** will apply only in excess of the **underlying limits.**

C.  The Each Occurrence Limit stated in Item 4. (a) of the Declarations is the most the

**company** will pay for **loss** arising out of any one occurrence. Any amount paid for **loss** will reduce the amount of the applicable aggregate Limit Of Insurance of this **policy** available for any other payment. If the applicable aggregate Limit Of Insurance of this **policy** has been reduced to an amount that is less than the Each Occurrence Limit stated in Item 4. (a) of the Declarations, the remaining amount of such aggregate Limit Of Insurance is the most that will be available for any other payment.

D. Subject to the Each Occurrence Limit stated in Item 4. (a) of the Declarations, the Products-Completed Operations Aggregate Limit stated in Item 4. (b) of the Declarations is the most the **company** will pay for **loss** under the products-completed operations hazard, as that hazard is defined in the Followed Policy.

E. Subject to the Each Occurrence Limit stated in Item 4. (a) of the Declarations, the Other Aggregate Limit stated in Item 4. (c) of the Declarations is the most the **company** will pay for **loss** under this **policy**, except **loss:**

1. Included in the products-completed operations hazard, as that hazard is defined in the Followed Policy; or
2. Otherwise covered by the Followed Policy, but to which no aggregate limit in the Followed Policy applies, but only if all other **underlying excess insurance** also does not apply an aggregate limit to such **loss.**

F. Subject to paragraphs C., D., and E. above, if the **underlying limits** have been reduced by payment of **loss** to which this **policy** would also apply (but for the existence of such **underlying limits**), then this **policy** will drop down to become immediately excess of the reduced **underlying limits**, but only if all **underlying excess insurance** applies to such **loss** and also drops down.

G. **Underlying limits** will not be reduced by:

1. The insolvency of, or unwillingness to pay by, any insurer;
2. The uncollectibility of any self-insured retention, deductible or other alternative risk-financing mechanism;

3. Any **insured's** failure to pay any allocation, deductible, participation, retention, or other self-insurance;
4. The existence of a sub-limit of liability in any **underlying excess insurance**;
5. Cancellation, expiration or recision of any **underlying primary insurance** or **underlying excess insurance**;
6. Defense or supplementary expense payments, unless the Schedule Of Underlying Insurance of this **policy** specifies that the applicable limits of **underlying excess insurance** are reduced by such payments; or
7. Any **underlying excess insurance** containing a warranty, term, condition, exclusion or limitation different from the Followed Policy or this **policy.**

H. If after issuance, the Policy Period of this **policy**, stated in Item 2. of the Declarations, is extended, then the additional period will be deemed part of the last preceding period for purposes of determining the Limits Of Insurance of this **policy**.

SECTION V - CONDITIONS

A. Appeals
   The **company** may, at its option, initiate or continue an appeal of a judgment against any **insured** if the judgment is for more than the **underlying limits.** If the **company** initiates or continues an appeal, it will pay its costs of the appeal subject to Section II – Defense And Supplementary Payments. In no event will the amount the **company** pays for **loss** exceed the Limits Of Insurance of this **policy**.

B. Cancellation
   1. The first Named **Insured** designated in item 1. (a) of the Declarations may cancel this **policy** by mailing or delivering to the **company,** at the address stated in Item 8. (b) of the Declarations, advance written notice stating when such cancellation is to take effect.

   2. The **company** may cancel this **policy** by delivering to the first Named **Insured,** or by mailing to the first Named **Insured** (by registered, certified, or other first class mail), at the address stated in Item

1. (b) of the Declarations, written notice, not less than thirty (30) days [or ten (10) days in the event any premium is not paid when due], in advance of the cancellation date. Proof of mailing of such notice to the first Named **Insured** at the address stated in Item 1. (b) of the Declarations will be sufficient proof of notice.

3. The Policy Period of this **policy** will end on the date and hour specified in the cancellation notice.

4. If the **insured** cancels this **policy**, the **company** will be due the greater of either:

   a) The sum of:
   - i. The earned amount of the Minimum And Advance Premium stated in Item 7. (a) of the Declarations; plus
   - ii. 10% of the unearned amount of the Minimum And Advance Premium stated in Item 7. (a) of the Declarations; or

   b) The Minimum Earned Premium, if any, stated in Item 7. (b) of the Declarations.

After deduction of the amount due the **company** as determined above, the remaining amount of any unearned premium previously paid to the **company** will be returned to the first Named **Insured**.

5. If this **policy** is cancelled by the **company**, then the **company** shall return the pro rata portion of any unearned premium, previously paid to the **company**, to the first Named **Insured**.

6. Payment or tender of any unearned premium by the **company** will not be a condition precedent to the effectiveness of cancellation, but the **company** shall make such payment as soon as practicable. The **company's** check or its representative's check, mailed or delivered to the first Named **Insured**, will be sufficient tender of any refund due any **insured**.

7. Any of these provisions that conflict with a law that controls the cancellation of this **policy** is changed by this paragraph to comply with that law.

C. Changes
Notice to any agent or knowledge possessed by any agent or any other person will not effect a waiver or change in any part of this **policy**. This **policy** can be changed only by a written Endorsement that becomes part of this **policy**. The Endorsement must be signed by one of the **company's** authorized representatives.

D. Changes In Followed Policy
If during the Policy Period of this **policy**, the warranties, terms, conditions, exclusions or limitations of the Followed Policy are changed in any manner from those in effect on the inception date of this **policy**, the **insured** shall, as a condition precedent to its rights under this **policy,** give to the **company** at the address stated in Item 8. (b) of the Declarations written notice of the full particulars of such changes as soon as practicable.

This **policy** will follow such changes upon the effective date of the changes in the Followed Policy, but only if:

1. The **company** agrees to follow such changes by written Endorsement that becomes a part of this **policy;**
2. The **insured** agrees to any amendment of the warranties, terms, conditions, exclusions or limitations of this **policy** required by the **company** relating to such changes; and
3. The **insured** pays when due any additional premium required by the **company** relating to such changes.

E. Compliance
The **company** has no duty to provide coverage under this **policy** unless the Named **Insured** and any other involved **insured** have fully complied with all the warranties, terms and conditions of this **policy.**

F. Duties In The Event Of Occurrence, Claim Or Suit

1. The **insured** shall, as a condition precedent to the obligations of the **company** under this **policy**, give written notice as soon as practicable to the **company** at the address stated in Item 8. (a) of the Declarations of any occurrence, claim, suit or proceeding that involves or is likely to involve **underlying excess insurance**. Notice to an underlying insurer shall not constitute notice to the **company**.

2. Without limiting the requirements of paragraph 1. above, the Named **Insured** shall separately and as soon as practicable give written notice to the **company** when a payment is made or reserve established for any occurrence, claim, suit or proceeding that has brought the total of all payments and reserves by the **insured** or any underlying insurers to a level of twenty-five (25%) or more of any of the **underlying limits**.

3. In the event the **underlying limits** are exhausted, no **insured** will, except at that **insured's** own cost, make any payment, assume any obligation, or incur any expense without the **company's** consent.

4. If applicable **underlying excess insurance** imposes any duties, responsibilities, or obligations on any **insured** in the event of "injury," "damage," "offense," "accident," "disease," "act, error or omission," or such similar event, then the duties specified in this condition will also apply in the event of "injury," "damage," "offense," "accident," "disease," "act, error or omission," or such similar event.

   With respect to the duties specified in this condition, the word or phrase "injury," "damage," "offense," "accident," "disease," "act, error or omission," or such similar event will have the same meaning that it has with respect to such applicable **underlying excess insurance.**

G. First Named **Insured**
The person or organization first named in Item 1. (a) of the Declarations is responsible for payment of all premiums due under this **policy**. The first Named **Insured** will act on behalf of all other **insureds** for the giving and receiving of any notice of cancellation or nonrenewal and the receiving of any return premiums that become payable under this **policy**.

H. Maintenance Of Underlying Insurance And **Underlying Limits**
The **company** has issued this **policy** in reliance upon representations made by the Named **Insured** about **underlying excess insurance**, **underlying primary insurance**, and the **underlying limits**. The Named **Insured** must see to it that:

1. **Underlying excess insurance** and **underlying primary insurance** are and remain valid and in full force and effect;

2. **Underlying excess insurance** and **underlying primary insurance** will not be cancelled, non-renewed, or rescinded without replacement of coverage to which the **company** agrees in writing;

3. The warranties, terms, conditions, exclusions and limitations of **underlying excess insurance** and **underlying primary insurance** will not materially change unless the **company** agrees in writing otherwise;

4. The warranties, terms, conditions, exclusions and limitations of renewals or replacements of **underlying excess insurance** will be materially the same as the prior coverage, unless the **company** agrees in writing otherwise;

5. The **underlying limits** are and remain available, regardless of any bankruptcy, insolvency or other financial impairment of any insurer or any other person or organization;

6. The **underlying limits** will not be reduced, except for the reduction by payment of **loss** to which this **policy** also would apply but for the existence of such **underlying limits**.

Failure to comply with this condition will not invalidate this **policy**, but in the case of any

such failure, the **company's** obligation or liability will not exceed that which would have applied absent any failure to comply with this condition.

The Named **Insured** must notify the **company** as soon as possible if any **underlying excess insurance** or **underlying primary insurance** is no longer valid or no longer in full force and effect.

I.   Other Insurance
This **policy** will apply in excess of all **other insurance.**

J.   Premium
1.   At the beginning of the Policy Period, stated in Item 2. of the Declarations, of this **policy**, the first Named **Insured** must pay the **company** the Minimum And Advance Premium stated in Item 7. (a) of the Declarations for this **policy.**

2.   The Minimum Earned Premium, if any, stated in Item 7. (b) will be deemed to be 100% earned from the inception date of the Policy Period of this **policy**.

3.   The Minimum And Advance Premium is subject to adjustment if:
a)   The premium of the Followed Policy is adjusted; or
b)   An Endorsement describing such adjustment is attached to this **policy**.

4.   In no event, however, will the adjusted premium be less than the greater of:

a)   The Minimum And Advance Premium for this **policy** stated in Item 7. (a) of the Declarations; or
b)   The Minimum Earned Premium, if any, stated in Item 7. (b) of the Declarations.

K.   Representations
The **company** has issued this **policy** based, and in reliance, upon representations made by the **insured** and by the **insured's** representatives to the **company**. Unintentional failure of an employee of the **insured** to disclose a hazard or other material information will not violate this condition, unless an officer (whether or not an employee) of any **insured** or an officer's

designee knows about such hazard or other material information.

SECTION VI – DEFINITIONS

**Company** means the company shown in the Declarations that is providing this **policy**.

**Insured** means a person or an organization qualifying as an insured in Section III – Who Is An Insured of this **policy**.

**Loss** means damages that the **insured** becomes legally obligated to pay because of injury or damage, after making proper deductions for all recoveries and salvage. If defense or supplementary payments reduce any of the **underlying limits** provided by **underlying excess insurance**, then any defense or supplementary payments made under Section II - Defense And Supplementary Payments of this **policy** will be included within the meaning of **loss** and will reduce the Limits Of Insurance of this **policy**.

**Other insurance** means valid and collectible insurance providing coverage for **loss** that is covered in whole or in part by this **policy** (or that would be covered in whole or in part by this **policy,** but for the existence of the **underlying limits**). However**, other insurance** does not include **underlying excess insurance**, **underlying primary insurance**, or any policy of insurance specifically purchased to be excess of this **policy** affording coverage that this **policy** also affords.

**Policy** means the various sections of this contract as well as the Declarations and any Endorsements and Schedules made a part of this contract by reference.

**Triggering event** means:
1.   With respect to any coverage provided by the Followed Policy on an occurrence basis, when:
a)   The injury or damage occurs; or
b)   The offense is committed;
As determined by the provisions of such coverage under the Followed Policy;
2.   With respect to any coverage provided by the Followed Policy on a claims-made basis, when the claim is first made as determined by the provisions of such coverage under the Followed Policy.

**Underlying excess insurance** means the insurance described in the Schedule Of Underlying Insurance of this **policy** as well as the next applicable renewal or replacement, or any applicable antecedent, of the described insurance.

**Underlying primary insurance** means any insurance (including the next applicable renewal or replacement, or any applicable antecedent, thereof) that underlies the **underlying excess insurance**. **Underlying primary insurance** does not include insurance that is described in the Schedule Of Underlying Insurance of this **policy**.

**Underlying limits** mean the sum of:

1. The remaining amount of **underlying excess insurance**, including the remaining amount of any allocation, deductible, participation, retention, or other self-insurance that is included within the limits of **underlying excess insurance**;
2. The remaining amount of any applicable **underlying primary insurance,** including the remaining amount of any allocation, deductible, participation, retention, or other self-insurance that is included within the limits of any applicable **underlying primary insurance**;
3. Any reinstatement of limits or supplemental or other limits available under the insurance described in items 1. and 2. above;
4. Any amounts that any **insured** must pay because **underlying excess insurance** or **underlying primary insurance**, as represented by the **insured**, is not available for any reason other than reduction or exhaustion of such insurance as specified under paragraph F. of Section III – Limits Of Insurance;
5. Any applicable **other insurance**;
6. The remaining amount of any applicable self-insured retention, deductible or other alternative risk-financing mechanism, which immediately underlies the **underlying excess insurance** and which is not included within the limits of **underlying excess insurance** or **underlying primary insurance**; and
7. The remaining amount of any applicable self-insured retention, deductible or other alternative risk-financing mechanism, which underlies the **underlying primary insurance** and which is not included within the limits of **underlying primary insurance**

**Endorsement No.: 20**
This Endorsement, effective: September 30, 2011
(at 12:01 A.M. prevailing  time at the address stated in Item 1. (b) of the Declarations)
forms a part of Policy No.: 0307-0192
Issued to: California Public Employees Retirement System
By: Allied World National Assurance Company

# DELETION OF ENDORSEMENT

It is agreed that Endorsement No. 1 of this **policy** is deleted in entirety.

All other terms and conditions of this **policy** remain unchanged.

**Allied World National Assurance Company**

**By:**

_____
**Todd Germano**

**Title:** **President, U.S. Property and Casualty**

**Date of Issuance: August 28, 2012**

**Endorsement No.: 21**
This Endorsement, effective: September 30, 2011
(at 12:01 A.M. prevailing  time at the address stated in Item 1. (b) of the Declarations)
forms a part of Policy No.: 0307-0192
Issued to: California Public Employees Retirement System
By: Allied World National Assurance Company

# SCHEDULE OF UNDERLYING INSURANCE

| Type of Coverage | Insurer<br>Policy Number<br>Policy Period | Limits of Insurance | |
|---|---|---|---|
| Excess Follow Form $100,000 Per Occurrence SIR - Products - Completed Operations With a $2,000,000 Aggregate and a $50,000 Trailing SIR<br>$50,000 Per Occurrence SIR - All Other | American Safety Indemnity Company<br>ESL1000260-1101<br>September 30, 2011 - September 30, 2016 | US$5,000,000<br>US$5,000,000<br>US$5,000,000 | Each Occurrence<br>Other Aggregate<br>Products-Completed Operations Aggregate |
| Defense costs:<br>☒ Erode ☐ Do Not Erode<br>The Limits of Insurance listed in the policy above. | | | |
| | | | |

All other terms and conditions of this **policy** remain unchanged.

**Allied World National Assurance Company**

**By:**

**Todd Germano**

**Title:** **President, U.S. Property and Casualty**

**Date of Issuance: August 28, 2012**